PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JUAN PLANAS, Defendant and Appellant. PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JOSÉ BALASQUIDE, Defendant and Appellant.

Nos. 4650 and 4651. Argued March 10, 1932.—Decided November 17, 1932.

*Sergio Gelpí* and *C. Ruiz Nazario* for appellants; *E. Díaz Viera, Assistant Fiscal,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

In each of these cases a pedestrian was struck by a street car. In each case the motorman was convicted of assault and battery.

Rodrigo Rodríguez was a traffic policeman. He was on duty at stop 22 in Santurce where the street car track runs along the south side of Ponce de León Avenue. At stop 22, Europa Street runs south from the avenue. A few yards further east, De Diego Avenue extends to the north. Neither Europa Street nor De Diego Avenue crosses Ponce de León. Rodríguez was standing on the south side of Ponce de León Avenue with his back to the street car track, facing De Diego Avenue and directing traffic. There was but little space between the street car track and east-bound traffic on

Ponce de León Avenue. Rodríguez was standing within a foot or two of the north rail. It was his custom to step forward out of the way of passing street cars and back again out of the way of passing motor vehicles. He was struck on the left side of his back over the kidney by the handhold near the front door of an east-bound street car.

At the time of the accident, about half past twelve in the afternoon traffic was heavy. Just before the accident, the driver of a Dodge car on De Diego Avenue signalled his intention to cross Ponce de León Avenue in the direction of Europa Street. Rodríguez signalled the driver to proceed. The driver did not obey the signal. The explanation offered by Rodríguez himself is that the driver of the Dodge had seen the street car. The inference is that the street car was already on its way across the entrance to Europa Street. It is a fair inference also that when Rodríguez signalled the driver of the Dodge to cross Ponce de León Avenue he also stopped other traffic on the avenue in order to allow the Dodge to pass; that is, that there was no east-bound motor vehicle traffic to prevent Rodríguez from stepping out of the way of the street car. Rodríguez had seen the street car stop on the west side of Europa Street, some fifteen or twenty meters from where he stood. He did not see it when it started again, nor thereafter before he was struck, nor did he hear the sound of its approach. It was raining at the time and Rodríguez wore over his uniform a raincoat with a hood which covered his head. The motorman did not sound his gong.

The pedestrian in the second case came out of a side street at the intersection thereof with Park Street at Stop 43½ in Santurce about half past eleven o'clock at night and came in contact with a street car which was moving at a high rate of speed on Park Street.

It may be conceded that in each case the motorman was negligent. In the first case the motorman, Planas, may have been negligent in measuring the distance between the north

rail and the spot where Rodríguez stood, by not making due allowance in his calculation for the projecting handhold, or in assuming that Rodríguez was aware of his perilous position and would step out of the way, or in attempting to pass Rodríguez without sounding a warning. In the second case it may be that the motorman, Balasquide, was negligent in running his car over a street crossing at a high rate of speed and in not anticipating that some pedestrian might emerge from a side street and come heedlessly upon, or dangerously near the car track notwitstanding the lateness of the hour and the noise of the approaching car. In neither case was the negligence so gross as to justify the inference of an intent to injure which is an essential element in every assault and battery. In neither case was the *mens rea* established beyond a reasonable doubt.

Both judgments must be reversed.